AO 91 (Rev. 02/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
## WESTERN DISTRICT OF KENTUCKY

FILED
Jeffrey A. Apperson, Clerk
OCT 28 2009
U. S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 5:09mJ-356 |
| | ) | |
| Albert Preston Long | ) | |
| Defendant | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state the following is true to the best of my knowledge and belief.

On or about and between January 23, 2009, and January 28, 2009, in Christian and McCracken Counties in the Western District of Kentucky, and elsewhere, the defendant violated 18 U.S.C. §§ 242 (deprivation of rights under color of law), 2421 (interstate travel with the intent to engage in illicit sexual conduct), and 922(g)(1) and 924(a)(2) (convicted felon in possession of a firearm).

x  Continued on the attached sheet

*Complainant's signature*

Ross A. Eldred, Special Agent
Federal Bureau of Investigation

*Printed name and title*

Sworn to before me and signed in my presence.

Date: October 28, 2009

*Judge's Signature*

Dave Whalin, United States Magistrate Judge

*Printed Name and Title*

Louisville, Kentucky

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Ross A. Eldred, being duly sworn, depose and state as follows:

1. I am a Special Agent of the Federal Bureau of Investigation (FBI) and have been so employed for one and a half years and am currently assigned to the White Collar and Civil Rights Crime Squad.

2. The statements contained in this affidavit are based in part on information provided by Special Agents of the FBI, ATF, and other federal, state and local law enforcement officers, on information gathered from records and related evidence, and on my experience, background and training as a FBI Special Agent. Since this affidavit is being submitted for the limited purpose of supporting a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to obtain the requested arrest warrant.

3. This affidavit is submitted in support of an criminal complaint alleging Albert Preston Long, former prisoner transport officer of Court Services Inc., who is currently being held at the Sebastian county Detention Center, Fort Smith, Arkansas, has committed violations of Title 18 Section 2421 (Travels in interstate for the purpose of engaging in any illicit sexual conduct with another person), Title 18 Section 242 (Deprivation of rights under color of law), and Title 18 Sections 922(g)(1) and 924(a)(2) (Felon in Possession of a Firearm) in the state of Kentucky from on or about January 23, 2009 through January 28, 2009.

4. Long admitted that in 1982 he pled no contest in Hamilton County Ohio to Complicity to Robbery charges. Long also pled guilty in 2000 in Hamilton County Ohio to Have Weapon W/Under Disability. Subsequently, Long was arrested on January 28, 2009 in the Western District of Arkansas on the charge of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Magistrate Judge ordered Long detained.

5. The investigation of Albert Long began following his employment with Court Services, Inc. ("CSI"), which is a prisoner transportation service based in Riverside, California, that contracts with state and local authorities to transport prisoners from one location to another throughout the United States. At all times relevant to this investigation, Albert Preston. Long, ("Long"), a 50-year-old resident of Florence, Kentucky, whose date of birth is XX/XX/1958, was employed by CSI.

6. CSI has authority granted to them by the contracting jails and prisons to transport officers on be-half of the contracting agency. CSI in turn grants its authority to officers under employment with CSI. In this particular case Long was acting under authority through CSI granted to him by Lincoln County Jail in New Mexico. Long was carrying a handgun and badge with representation as an official of the government employed through CSI. Long carried this handgun in the Western district of Kentucky.

7. On January 23, 2009, Long, while working for CSI, picked up a 22-year-old female here after referred to as "female", at a county jail in Murfreesboro, Tennessee, for transport to the Lincoln County Jail in New Mexico, where she was wanted for theft of property charges. On January 23, 2009, Long placed the female in the CSI transport vehicle and transported her and three male prisoners in interstate commerce from Murfreesboro, Tennessee to Hopkinsville, Kentucky. Hopkinsville, Kentucky, is in the Western District of Kentucky. Upon arrival in Hopkinsville on January 23, 2009, Long delivered the three male prisoners to the Christian County Kentucky Jail. Long instructed the female to remain in the transport vehicle and told the male prisoners that the jail could not house her.

8. According to the female, Long told her he thought she would appreciate going to a motel, taking a shower, and sleeping in a regular bed. Long kept the female in the transport vehicle and did not check her into the Christian County Jail. According to the female, while en route to the motel, Long stopped at a liquor store and purchased 2 pints of Black Velvet as well as a "fifth" of Black Velvet.

9. Long checked into the Kings Court Motel in Hopkinsville, Kentucky, on January 23, 2009. Affiant has reviewed motel records which indicate Room #12 at the King's Court Motel was paid for on January 23, 2009, in the amount of $38.90 by Long. According to the female, Long drank alcohol at the motel room and provided alcohol and Vicodin, a narcotic, to the female. On January 28, 2009, she told Federal Bureau of Investigation (FBI) Special Agent Timothy Akins that Long, whom the female saw wearing a gun on his hip, forced her to engage in oral sex and vaginal intercourse while she was handcuffed and had her legs shackled. The sexual activity took place at the motel in Hopkinsville. According to the female, Long took three photographs inside the motel room while she was partially clothed. Long took the photographs with his digital camera. The female stated Long told her he was going to e-mail these photographs to his friend.

10. On Saturday, January 24, 2009, Long checked the female into the Christian County Jail in Hopkinsville, Kentucky at approximately 2:00 p.m. On Monday morning, January 26, 2009, Long checked the female out of the Christian County Jail and took her back to the Kings Court Motel. According to the female, no sexual contact occurred at that time. Long checked out of King's Court Motel Monday afternoon. He took the female with him when he returned to the Christian County Jail to pick up the three male inmates. Long then drove the female and the three male inmates to Paducah, Kentucky.

11. On January 26, 2009, Long deposited the three male inmates at the McCracken County Jail in Paducah, Kentucky. According to the female, Long did not check the female into the McCracken County Jail. He took the female with him and went to the DeLuxe Inn in Paducah, Kentucky. According to the female, while at the DeLuxe Inn, Long forced her to engage in oral sex and vaginal intercourse while she was tied to the four corners of the bed. Special Agent Akins, who interviewed the female on January 28, 2009, observed bruising on the female's wrists.

12. On Tuesday January 27, 2009, Long and a second CSI employee, Freddie Polk -- who

met up with Long and joined the transport in Paducah -- drove the inmates to Arkansas. On January 27, 2009, Long and Polk arrived with the prisoners in Fort Smith, Arkansas. Long took the male prisoners to the Sebastian County Detention Center in Fort Smith. Long told the female to stay in the transport van while the male prisoners were taken to the Sebastian County Detention Center. A Sebastian County Detention officer questioned why the female was on the manifest provided by CSI, but not presented for incarceration at the Sebastian County Detention Center. Upon noticing this discrepancy, the Sebastian County Detention officer removed the female from the CSI transport vehicle and placed her in the Sebastian County Detention Center. Additionally Polk contacted CSI management in California to advise company officials of his suspicions about Long's conduct with the female and statements Long had made. CSI owner/Operator Eric Kindley asked to speak to the female on the telephone. Polk overheard the female tell Kindley that she had been raped while Long restrained her with handcuffs and shackles. Kindley immediately terminated Long and placed Polk in charge of the transport.

13. Polk told Special Agent Akins that he became suspicious of Long's conduct in Paducah when he discovered the female alone in Long's company upon arrival at the McCracken County Jail. Polk told Special Agent Akins on January 28, 2009, that Long had informed Polk while the transport stopped in Clarksville, Arkansas, that the female was a "longtime family friend" and she would be staying the night with him [Long] in a motel in Arkansas.

14. Cpl. Everett Robb of the Sebastian County Sheriff's Office told Special Agent Akins that Long told him there was a female in the van and he was going to take her with him to the motel room so she could shower and stay at the motel room. Long told Cpl. Robb that he knew her "for a long time and that he was just going to watch over her." According to the female, she had never met Long before he picked her up at the jail in Murfreesboro, Tennessee, on January 23, 2009.

15. Special Agent Akins learned that Long had checked into the Howard Johnson Hotel in Fort Smith, Arkansas, after his termination from CSI. Special Agent Akins and Sebastian County Sheriff's Cpl. Allan Marx went to the Howard Johnson Inn in Fort Smith and interviewed Long in his hotel room beginning at 5:00 p.m. on January 28, 2009. Long was advised of his Miranda rights, signed the Advice of Rights form, and agreed to speak with Special Agent Atkins and Sgt. Marx. Long told Special Agent Akins and Cpl. Marx that he had oral sex with the female in Hopkinsville, Kentucky, and also in Paducah, Kentucky. Long stated he attempted to have vaginal intercourse with the female but "she was too tight and I was too limp." He stated the only time he ejaculated was during sexual contact with the female's mouth. Long wrote the following in his own handwriting on January 28, 2009:

> I, Albert Long have had oral sex and attempted vaginal sex with FAILURE to complete, on 2 occations [sic] with a female prisoner being [the female]. There was no forced sex or rape involved. All was voluntary and consented to by both partys [sic]. I admit to violations against company policy and policy of being a transport officer for the government. Some statements were made by [the female] that are false and not true. I am willing to take a polygraph test to prove this in court.

3

Signed:
Albert P. Long
28-Jan. 2009

Additions:
The above insidents [sic] occured [sic] in the citys [sic] of Hopkinsville, KY and Paducha [sic], KY, in 2 different Motels, one being Kings Court in Hopkinsville, KY and the other is Comfort Inn in Paducha, KY.

A. P. Long
1-28-09

16. A search warrant was conducted on the digital camera that Long had in his possession. Three partially nude photos were found on the phone of the female. In the background in two of the photos, located on a dresser is what appears to be a white rope.

17. Phone records, transportation logs, prisoner manifests, receipts, and witness testimony corroborates the above information and allegations.

18. Based on the above facts and circumstances, as well as your affiant's training and experience, affiant states that there is probable cause to believe that from on or about and between January 23, 2009, and January 28, 2009, while in Christian and McCracken Counties in the Western District of Kentucky, and elsewhere, Albert Preston Long committed violations of 18 U.S.C. § 2421 (Travels in interstate for the purpose of engaging in any illicit sexual conduct with another person) and 18 U.S.C. § 242 (Deprivation of rights under color of law).

19. In addition, based on the above facts and circumstances, affiant states there is probable cause to believe that from on or about January 23, 2009 to January 28, 2009, in the Western District of Kentucky, in Christian and McCracken Counties, Kentucky, and elsewhere, the defendant, Albert Preston Long, being a person who had been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, that is (1) on May 27, 1982, ALBERT PRESTON LONG was convicted of Complicity to Robbery, a felony, under Ohio Revised Code (O.R.C.) § 2923.03, a felony punishable by imprisonment exceeding one year by the State of Ohio, Hamilton County, Court of Common Pleas, No. B821624, and (2) on December 20, 2000, ALBERT PRESTON LONG was convicted of Have[ing] Weapon W/Under Disability under O.R.C. § 2923.13(A)(2), a felony punishable by imprisonment exceeding one year by the State of Ohio, Hamilton County, Court of Common Pleas, Albert Preston Long, knowingly possessed, in and affecting interstate commerce, a firearm; that is, a HiPoint 9mm Luger Model C-9, Serial Number P1337275, handgun, and 2 magazines. In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

_____
Ross A. Eldred, Special Agent
Federal Bureau of Investigation

Sworn to before me this 28th day of October, 2009

_____
Dave Whalin
United States Magistrate Judge
Western District of Kentucky